FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA 7 AUG 24  PM 1:57
JACKSONVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

REBEKKA CERVELLO, on behalf of herself
and those similarly situated,

      Plaintiffs,

vs.

                          3:17-cv-1000-J-39JBT

WACKO'S TOO, INC., d/b/a
WACKO'S BAR AND GRILL, a Florida
Profit Corporation and
MILTON HOWARD, Individually,

      Defendants.

_____/

## PLAINTIFF'S CLASS/COLLECTIVE ACTION COMPLAINT

### SUMMARY

Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

Likewise, the citizens of Florida passed Article X, Section 24, because "[a]ll working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to

avoid economic hardship." *See* Article X, Section 24(a).

1.      This case concerns an adult entertainment club which goes by the trade name of "Wacko's Bar & Grill." The entities and employers implicated are Wacko's Too, Inc. d/b/a Wacko's Bar & Grill ("Wacko's") and Milton Howard ("Howard"), its owner and operator (collectively "Defendants").

2.      Defendants have a longstanding policy of misclassifying their employees as independent contractors.

3.      Defendants required and/or permitted Plaintiff Rebekka Cervello ("Plaintiff") to work as an exotic "entertainer" and/or dancer at their adult entertainment club in excess of forty (40) hours per week, but refused to compensate her at the applicable minimum wage and overtime rate. In fact, Defendants refused to compensate Plaintiff at all for the hours she worked. Plaintiff's only compensation was in the form of tips from club patrons.

4.      Defendants' conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

5.      Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision as does Defendants' practice of siphoning away those tips to distribute to non-tip eligible employees. *See* 29 U.S.C. §§ 203, 206.

6.      Plaintiff brings a collective action to recover the unpaid wages owed to her and all other similarly situated employees, current and former, of Defendants who worked at Wacko's in Jacksonville, Florida, at any time during the three year period before this Complaint was filed up to the present ("Class Members"). These Class Members should be informed of the pendency of

this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

7.      Likewise, Defendants' practice of failing to pay tipped employees at least the minimum wage each hour/week is in violation of Article X, Section 24 of the Florida Constitution.

8.      Thus, Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former "entertainer" employees of the Defendants, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendants for hours/weeks of work for which they did not receive at least the Florida minimum wage, in violation of Article X, Section 24 of the Florida Constitution ("Florida Minimum Wage Claims").

## SUBJECT MATTER JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

11.     This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's Florida Minimum Wage Claims.

12.     Venue is proper in the Middle District of Florida because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' headquarters is located in this District.   In particular, Defendants headquarters are located at 3701 Emerson Street, Jacksonville, FL 32201.   Also, Plaintiff worked at Defendants' club, located at 3701 Emerson Street, Jacksonville, FL 32201 over extended periods of time.

3

## PARTIES AND PERSONAL JURISDICTION

13.     At all times relevant hereto, Plaintiff Rebekka Cervello is a citizen of Florida and resides in St. Johns County, Florida.

14.     The Members of the FLSA Collective Action are all of Defendants' current and former exotic entertainers who worked at Wacko's at any time during the three (3) years prior to the filing of this Complaint up to the present, who elect to file a consent to join in this action.

15.     The Florida Minimum Wage Claim Class Members are all of Defendants' current and former exotic entertainers who worked at Wacko's at any time during the five (5) years prior to the filing of this Complaint until the present and continuing.

16.     Defendant Wacko's Too, Inc. d/b/a Wacko's Bar & Grill is a domestic for profit corporation doing business in Florida for the purpose of accumulating monetary profit.  This Defendant may be served through its Registered Agent as follows: Milton Howard, 3701 Emerson Street, Jacksonville, FL 32201.

17.     Defendant Milton Howard is a citizen of Florida.  Said Defendant may be served with process at 3701 Emerson Street, Jacksonville, FL 32201.  This Court has personal jurisdiction over this Defendant because he is a resident of Florida.

## FLSA COVERAGE

18.     In an FLSA case, the following elements must be met.  "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

## EMPLOYMENT RELATIONSHIP

19.     "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id.* (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id.* (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id.*

20.     Here, Defendants had the power to hire and fire Plaintiff.

21.     Defendants controlled Plaintiff's work schedule.

22.     Defendants scheduled Plaintiff and other entertainers to certain shifts.

23.     Defendants required Plaintiff and other entertainers to work a certain number of days during the week.

24.     Defendants required Plaintiff and other dancers to wear certain clothing.

25.     Defendants determined the rate and the method of payment of all dancers including Plaintiff.

26.     Defendants set the price for their customers to pay dancers for "side dances" and "lap dances."

27.     Additionally, Defendants required Plaintiff and all other entertainers to pay "house fees" depending on the day and shift the dancer was working.

28.     Plaintiff and all other entertainers were required to tip out the DJ at the end of their shift.

29.     Entertainers are an integral part of Defendants' strip club.

30.    Plaintiff's and all other entertainers' job duties consisted of dancing in designated areas and performing dances for Defendants' customers at the club.  These job duties require little to no skill. [1]

31.    Defendants maintained some records regarding the time Plaintiff and all other entertainers arrived and left the club, but failed to maintain full and accurate time records in contravention of the FLSA's recordkeeping requirement.

32.    At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

33.    Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

34.    The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id.*; *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).

35.    Defendant Milton Howard is the Owner and Director of Wacko's.

---

[1] *See, Freund v. Hi-Tech Satellite, Inc.*, 185 Fed. Appx. 782, 783 (11th Cir. 2006) ([C]ourts must determine whether, as a matter of economic realit[y], an individual is an employee or an independent contractor in business for himself. Several factors guide this inquiry: (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; (6) the extent to which the service rendered is an integral part of the alleged employer's business.") (internal citations omitted); *see also, Clincy v. Galardi S. Enterprises, Inc.*, 808 F. Supp. 2d 1326, 1343 (N.D. Ga. 2011) (applying economic reality test and finding exotic dancers were employees not independent contractors).

36.     Defendant Milton Howard is involved in the day-to-day business operation of Wacko's.

37.     Defendant Milton Howard has responsibility for the supervision of the entertainers at Wacko's.

38.     Defendant Milton Howard is responsible for the compensation or lack thereof paid to entertainers at Wacko's.

39.     Defendant Milton Howard has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

40.     Additionally, Defendant Milton Howard was responsible for the day-to-day affairs of the club.  In particular, he was responsible for determining whether the club complied with the Fair Labor Standards Act.

41.     Defendant Milton Howard controlled the nature, pay structure, and employment relationship of the Plaintiff and Class Members.

42.     As such, Defendant Milton Howard is the employer of the Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

## ENTERPRISE AND INDIVIDUAL COVERAGE

43.     "The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) (1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634-CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007) (citing *Thorne v. All Restoration Svcs.*,

*Inc.,* 448 F.3d 1264, 1265 (11th Cir.2006)). "To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)). "The phase 'engaged in commerce' is interpreted broadly and liberally." *Id.* (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

44.    At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

45.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

46.    Specifically, Defendants' employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to Defendants' patrons. Additionally, Defendants' employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

47.    Defendants advertise on the internet and process credit cards from out of state patrons.

48.    Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.00 per annum.

49.    At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## WAGE VIOLATIONS

50.    Defendants misclassify Plaintiff and all other entertainers as independent contractors.

51.    Defendants failed to pay Plaintiff and all other entertainers they hire any compensation whatsoever.

52.    The money Plaintiff received directly from Defendants' customers are tips.

53.    Defendants siphoned Plaintiff's and all other entertainers' tips by requiring them to share their tips with other employees who are not eligible to participate in a tip pool.

## FACTS

54.    Plaintiff and Class Members have all been victimized by Defendants' common policy and plan to violate their rights under the FLSA and Article X, Section 24 of the Florida Constitution and by denying them minimum wage, proper overtime, and the tips they lawfully earned.

55.    Defendants operate an adult entertainment club at 3701 Emerson Street, Jacksonville, FL 32207 under the name of "Wacko's Bar & Grill."

56.    Defendants employ exotic entertainers at Wacko's Bar & Grill.

57.    Plaintiff Rebekka Cervello is a former exotic entertainer at Defendants' adult entertainment club Wacko's Bar & Grill in Jacksonville, FL.

58.    Plaintiff worked on a regular basis for Defendants' club.

59.    From approximately July 2016 until March 2017, Plaintiff Rebekka Cervello danced at Wacko's Bar & Grill in Jacksonville, Florida.

60.    Therefore, Plaintiff Rebekka Cervello has first-hand personal knowledge of the pay violations at Wacko's Bar & Grill.

61.     All exotic entertainers including Plaintiff are compensated exclusively through tips received from Defendants' customers.

62.     Defendants did not pay the entertainers any compensation for any hours worked at their establishment.

63.     Defendants charged the entertainers certain fees per shift worked.

64.     Defendants charged the entertainers a "house fee" depending on the time they arrive to work.

65.     Defendants also required the entertainers to share their tips with employees who do not customarily and regularly receive tips.

66.     Defendants illegally classified the entertainers as independent contractors. However, at all times, the entertainers were employees of Defendants as that term is defined by the FLSA and relevant case law.

67.     Defendants hired, fired and supervised the entertainers.  Defendants also set the schedule for the entertainers.  Defendants controlled the details of the entertainers' jobs, including setting the prices to charge customers for dances and imposing limitations on how to interact with the clubs' customers.

68.     Defendants also controlled the entertainers' appearances with respect to their attire and makeup.

69.     Defendants disciplined the entertainers for not following club rules.

70.     Defendants tracked the time and days the entertainers worked just as is common for typical employer-employee relationships.

71.     In addition, Defendants instructed the entertainers about when, where, and how the entertainers were to perform their work.

72.    The following further facts demonstrate the entertainers' status as employees:

a)    Defendants had the sole right to hire and fire the entertainers;

b)    Defendants require dancers to complete an employee application as a prerequisite to their employment;

c)    Defendants made the decision not to pay overtime;

d)    Defendants made the decision not to compensate at the FLSA minimum wage rate;

e)    Defendants provided the entertainers with music equipment and a performing stage;

f)    Defendants controlled the entertainers' music;

g)    The dancers have made no financial investment with Defendants' business;

h)    The dancers were hired as permanent employees and have worked for Defendants for years;

i)    Defendants supervised the entertainers; and

j)    Defendants scheduled entertainers and as such had sole control over their opportunity for profit.

73.    Defendants misclassified Plaintiff and Class Members as independent contractors to avoid their obligations to pay them pursuant to the FLSA and Article X, Section 24 of the Florida Constitution.

74.    Plaintiff and Class Members are not exempt from the overtime and minimum wage requirements under the FLSA or Article X, Section 24 of the Florida Constitution.

75.    Although Plaintiff and Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no

compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA and Article X, Section 24 of the Florida Constitution. *See* 29 U.S.C. § 206.

76.    Defendants' method of paying Plaintiff in violation of the FLSA and Article X, Section 24 of the Florida Constitution was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA or Article X, Section 24 of the Florida Constitution.

77.    Defendants misclassified Plaintiff with the intent to avoid paying her in accordance to the FLSA and Article X, Section 24 of the Florida Constitution.

78.    Defendants have been in the exotic dancing industry for years and are familiar with the long line of federal cases holding that entertainers in this industry are employees as that term is defined by the FLSA.

79.    Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

80.    All Defendants have a common business purpose of for profit adult entertainment.

81.    The individually named Defendant keeps employment records for Wacko's Bar & Grill.

82.    The individually named Defendant has ultimate authority regarding hiring and firing employees at Wacko's Bar & Grill.

83.    The individually named Defendant owns and operates the Wacko's Bar & Grill.

84.     The individually named Defendant created and implemented the companywide policy of misclassifying exotic entertainers as independent contractors at Wacko's Bar & Grill.

85.     Defendants operate a strip club under the assumed name "Wacko's Bar & Grill." Indeed, they advertise themselves as such on various websites.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

86.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

87.     Defendants' practice of failing to pay Plaintiff and Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

88.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

## COUNT TWO: VIOLATION OF 29 U.S.C. § 206

89.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

90.     Defendants' practice of failing to pay Plaintiff and Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.  In fact, Defendants do not compensate the exotic entertainers whatsoever for any hours worked.

91.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiff.

92.     Defendants failed to keep adequate records of Plaintiff's and Class Members' work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

93.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a)  The time of day and day of week on which the employees' work week begins;

b)  The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c)  An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d)  The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e)  The hours worked each workday and total hours worked each workweek;

f)  The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g)  The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h)  The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i)  The dates, amounts, and nature of the items which make up the total additions and deductions;

j)  The total wages paid each pay period; and

k)  The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

94.    Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff and Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## COUNT THREE: VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

95.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

96.     Plaintiff and those similarly situated employees are/were entitled to be paid at least the Florida minimum wage for each hour/week worked during employment with Defendants.

97.     Specifically, Plaintiff and those similarly situated employees were not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

98.     Defendants willfully failed to pay Plaintiff and those similarly situated employees, minimum wages for one or more weeks during Plaintiff's employment contrary to Article X, Section 24 of the Florida Constitution.

99.     Although such prerequisites are unconstitutional, Plaintiff has complied with all statutory prerequisites to bringing her claim pursuant to Article X, Section 24 of the Florida Constitution.

100.     Specifically, on June 30, 2017, Plaintiff served Defendants with a Notice pursuant to Fla. Stats. § 448.110, on behalf of herself, and those Servers similarly situated to Plaintiff. A copy of Plaintiff's Notice Letter is attached hereto as **Exhibit A**.

101.     More than 15 days have elapsed since Plaintiff's service of her Notice on Defendants, and Defendants have failed to make payment to Plaintiff.

102.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

103.     Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

104.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

## COLLECTIVE ACTION ALLEGATIONS

105.    As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

106.    Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty.  Defendants have also denied them full compensation at the federally mandated minimum wage rate.

107.    Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and Class Members all worked as exotic entertainers under the same conditions and subject to the same violations of the FLSA.

108.    Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

109.    Defendants have classified and continue to classify Class Members as independent contractors.

110.    Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

111.    As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

112.    Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

113.    The experiences of Plaintiff, with respect to her pay, are typical of the experiences of Class Members.

114.    The experiences of Plaintiff, with respect to her job duties, are typical of the experiences of Class Members.

115.    The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

116.    All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

117.    All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

118.    Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula.  The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

119.    The Plaintiff and the Class Members held the same job title: Dancers and/or Entertainers.

120.    The Defendants have classified all of its entertainers as independent contractors from at least August 3, 2014.

121.    The individually named Defendants instituted, permitted, and/or required the policy and practice of classifying all exotic entertainers at Wacko's Bar & Grill.

17

122.    The individually named Defendants instituted, permitted, and/or required the policy and practice of charging all exotic entertainers at Wacko's Bar & Grill a house fee.

123.    The individually named Defendants instituted, created, and/or permitted the policy and practice of requiring all dancers and/or exotic entertainers at Wacko's Bar & Grill to tip out the DJ.

124.    As such, the class of similarly situated Plaintiff is properly defined as follows:

**The FLSA Collective Members are all of Defendants' current and former exotic entertainers who worked at Wacko's Bar & Grill at any time during the three years before this Complaint was filed up to the present.**

## FLORIDA CLASS ACTION ALLEGATIONS

125.    Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

126.    Plaintiff brings her Florida Minimum Wage Claims on behalf of all persons who were employed by Defendants at any time since April 2012, to the entry of judgment in this case (the "Florida Class Period"), who were "entertainer" employees and who have not been paid at least the applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Florida Class").

127.    The persons in the Florida Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are between 100 and 200 members of the Class during the Class Period.

128.    The claims of Plaintiff are typical of the claims of the Florida Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - -

particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

129.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

130.    Specifically, Defendants illegally misclassified all of their exotic entertainer employees, including Plaintiff as independent contractors and failed to pay them minimum wages as mandated by Article X, Section 24 of the Florida Constitution.

131.    Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members.  Accordingly, the "Florida Class Members" are properly defined as:

> **All of Defendants' current and former exotic entertainers who worked at Wacko's Bar & Grill at any time during the five (5) years before this Complaint was filed up to the present.**

132.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

133.    Plaintiff has the same interests in this matter as all other members of the Florida class and Plaintiff's claims are typical of the Florida Class.

134.    There are questions of law and fact common to the Florida Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.    whether the Defendants employed the members of the Florida Class within the meaning of Article X, Section 24 of the Florida Constitution;

b.    whether the Defendants failed to keep true and accurate time records for all  hours worked by Plaintiff and members of the Florida Class;

c.      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.      whether Defendants misclassified their exotic entertainer employees as independent contractors;

e.      whether Defendants failed and/or refused to pay the members of the Florida Class at least the Florida Minimum Wage in one of more workweeks;

f.      whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

g.      whether the Defendants should be enjoined from such violations of Article X Section 24 of the Florida Constitution in the future.

## DAMAGES SOUGHT

135.    Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

136.    Additionally, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

137.    Plaintiff and Class Members are also entitled to all of the misappropriated funds, including all funds that were charged as fees and penalties, and all tips that were taken. Without repayment of such fees, Plaintiff and Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

138.    Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b); Article X, Section 24 of the Florida Constitution.

139.    Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b); Article X, Section 24 of the Florida Constitution.

## JURY DEMAND

140.    Plaintiff and Class Members hereby demand trial by jury.

## PRAYER

For these reasons, Plaintiff and Class Members respectfully request that judgment be

entered in their favor awarding the following relief:

a)    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b)    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

c)    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d)    Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

e)    All unpaid wages at the FLSA mandated minimum wage rate;

f)    All unpaid wage at the Florida mandated minimum wage rate;

g)    All misappropriated tips;

h)    All misappropriated funds that were labeled as fees or otherwise;

i)    An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

j)    An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

k)    Reasonable attorney's fees, costs and expenses of this action as provided by the

FLSA; and

l)    Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Dated:  August 21, 2017.

Respectfully submitted,

_____

Andrew R. Frisch
FL Bar No. 27777
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Tel: (954) WORKERS
Fax: (954) 327-3013
E-mail: afrisch@forthepeople.com

*Counsel for Plaintiff & Class Members*